UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY JOHNSON, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>MONTEREY FINANCIAL SERVICES LLC D/B/A MONTEREY COLLECTIONS; and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case No.: 1:22-cv-06891<br><br>**AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, JEFFREY JOHNSON, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney(s), alleges against the above-named Defendants, MONTEREY FINANCIAL SERVICES LLC D/B/A MONTEREY COLLECTIONS ("MONTEREY") and JOHN DOES 1-25, their employees, agents, and successors (collectively "Defendants") the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for statutory damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d). This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district because the Plaintiff resides there, and the acts of the Defendant that give rise to this action occurred in Cape May County.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person, a resident of Cape May County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. MONTEREY maintains a location at 4095 Avenida De La Plata, Oceanside, California 92056.

8. MONTEREY uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9. MONTEREY is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state-wide class action, pursuant to Rule 4:32 of the New Jersey Rules of Court, on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who Defendants collected or attempted to collect a debt from, in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers who MONTEREY collected or attempted to collect a debt from, which was owned by MONTEREY RECEIVABLES FUNDING RAINBOW E2B, and which included the alleged conduct and practices described herein.

    The class definition may be subsequently modified or refined.

    The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were subjected to the Defendant's conduct that violates specific provisions of the FDCPA. Plaintiff is complaining of a standard form conduct.

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the Defendants violated various provisions of the FDCPA;

      b.      Whether Plaintiff and the Class have been injured by the Defendants' conduct;

      c.      Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      d.      Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class

members will continue to suffer losses of statutory protected rights as well as monetary damages.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Sometime prior to October 13, 2022, Plaintiff allegedly incurred a financial obligation/debt to PERFECT AIR CONCEPTS LLC ("PERFECT AIR").

16. The obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transactions, was primarily for personal, family or household purposes.

17. Plaintiff did not incur the obligation for business purposes.

18. The obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. PERFECT AIR is a "creditor" as defined by 15. U.S.C. § 1692a(4).

20. At some time prior to October 13, 2022, Plaintiff defaulted on the PERFECT AIR obligation.

21. At some time prior to October 13, 2022, the PERFECT AIR obligation was allegedly purchased by and/or sold to MONTEREY RECEIVABLES FUNDING RAINBOW E2B ("MONTEREY RECEIVABLES").

22. At the time the PERFECT AIR obligation was allegedly purchased by and/or sold to MONTEREY RECEIVABLES FUNDING RAINBOW E2B ("MONTEREY RECEIVABLES"), said obligation was past due.

23. At the time the PERFECT AIR obligation was allegedly purchased by and/or sold to MONTEREY RECEIVABLES FUNDING RAINBOW E2B ("MONTEREY RECEIVABLES"), said obligation was in default.

24. At the time the PERFECT AIR obligation was referred to MONTEREY RECEIVABLES for the purpose of collections, said obligation was past due.

25. At the time the PERFECT AIR obligation was referred to MONTEREY RECEIVABLES for the purpose of collections, said obligation was in default.

26. The principal purpose of MONTEREY is the collection and/or purchase of debts which are in default at the time it acquires the debts.

27. MONTEREY regularly mails and/or contracts to mail, letters to consumers via the U.S. Postage Service, in attempt to collect debts..

28. MONTEREY regularly mails and/or contracts to mail letters to consumers via the U.S. Postage Service, in an attempt to collect debts, which are past due at the time said letters are mailed.

29. MONTEREY regularly mails and/or contracts to mail letters to consumers via the U.S. Postage Service, in an attempt to collect debts, which are in default at the time said letters are mailed.

30. MONTEREY RECEIVABLES did not obtain a license from the New Jersey Department of Banking and Insurance prior to MONTEREY making attempts to collect the PERFECT AIR obligation as required by law. See *Veras v. LVNV Funding, LLC*, 2014 U.S.

Dist. LEXIS 34176 (D.N.J. Mar. 17, 2014); *Lopez v. Law Offices of Faloni & Associates,* 2016 U.S. Dist. LEXIS 124730 (D.N.J. Sept. 14, 2016); *Latteri v. Mayer*, 2018 U.S. Dist. LEXIS 85926 (D.N.J. May 22, 2018); and *New Century Fin. v. Trewin*, 2018 N.J. Super. Unpub. LEXIS 1688 (May 24, 2018).

31. MONTEREY caused to be delivered to Plaintiff a letter dated October 13, 2022, which was addressed to Plaintiff. See **Exhibit A,** which is fully incorporated herein by reference.

32. As of October 12, 2022, Plaintiff's account was past due.

33. As of October 13, 2022, Plaintiff's account was in default.

34. The October 13, 2022 letter states in bold font; 'THIS HAS BEEN SENT TO YOU BY A COLLECTION AGENCY".

35. The October 13, 2022 letter states in bold font; "This is an attempt to collect a debt."

36. The October 13, 2022 letter states: "You will receive no further communication from our office regarding the defaulted account…"

37. The October 13, 2022 letter states" "Please be advised that if we are reporting this defaulted account on your credit report, it will be reported as a disputed collection account."

38. Upon receipt, Plaintiff read and relied on the statements and representations in the October 13, 2022 letter.

39. At all times relevant herein, MONTEREY RECEIVABLES derived income from sources within New Jersey.

40. At all times relevant herein, MONTEREY RECEIVABLES transacted business in New Jersey.

41. MONTEREY RECEIVABLES is a consumer lender as defined at N.J.S.A. 17:11C-2 et seq.

42. MONTEREY RECEIVABLES is in the business of buying, discounting or endorsing notes, or of furnishing, or procuring guarantee or security for compensation in amount of $50,000 or less.

43. MONTEREY RECEIVABLES is a sales finance company as defined at N.J.S.A. 17:11C-2 and N.J.S.A. 17:16C-1 et seq.

44. The PERFECT AIR obligation is an open-end loan as defined at N.J.S.A. 17:11C-2 and/or retail charge account as defined at N.J.S.A. 17:16C-1 et seq.

45. Alternatively, the PERFECT AIR obligation is a consumer loan as defined at N.J.S.A. 17:11C-2.

46. MONTEREY RECEIVABLES engages in the consumer loan business as defined at N.J.S.A. 17:11C-2.

47. MONTEREY RECEIVABLES engages in the business of purchasing defaulted consumer notes, defaulted consumer loans and/or defaulted retail charge accounts.

48. At all times relevant to this matter, MONTEREY RECEIVABLES did not obtain a license under authority of the New Jersey Consumer Finance Licensing Act.

49. At all times relevant to this matter, MONTEREY RECEIVABLES did not obtain a license issued by the New Jersey Department of Banking and Insurance.

50. At all times relevant to this matter, MONTEREY RECEIVABLES did not obtain a license under authority of the New Jersey Consumer Finance Licensing Act authorizing it to make consumer loans, or to buy, discount or endorse notes (loans), or to receive interest.

51. At no time was MONTEREY authorized to collect the PERFECT AIR obligation.

52. At no time was MONTEREY RECEIVABLES authorized to collect the PERFECT AIR obligation.

53. As MONTEREY RECEIVABLES did not obtain the appropriate license under the New Jersey Consumer Finance Licensing Act at all times relevant herein, it was prohibited from attempting to collect on the PERFECT AIR obligation.

54. As MONTEREY RECEIVABLES did not obtain the appropriate license issued by the New Jersey Department of Banking and Insurance at all times relevant herein, it was prohibited from attempting to collect on the PERFECT AIR obligation.

55. As MONTEREY RECEIVABLES did not obtain the appropriate license under the New Jersey Consumer Finance Licensing Act at all times relevant herein, MONTEREY was prohibited from attempting to collect on the PERFECT AIR obligation.

56. As MONTEREY RECEIVABLES did not obtain the appropriate license issued by the New Jersey Department of Banking and Insurance at all times relevant herein, MONTEREY was prohibited from attempting to collect on the PERFECT AIR obligation.

57. The FDCPA was enacted to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged and to promote consistent State action to protect consumers against debt collection abuses. See 15 U.S.C. § 1692(e).

58. MONTEREY knew or should have known that its actions violated the FDCPA.

59. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

**POLICIES AND PRACTICES COMPLAINED OF**

60. It is Defendants' policy and practice to collect or attempt to collect debts, which violate the FDCPA, by *inter alia*:

 (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

 (b) Falsely representing the character or legal status of a debt;

 (c) Threatening to take any action that cannot legally be taken or that is not intended to be taken; and

 (d) Using unfair or unconscionable means to collect or attempt to collect any debt.

61. On information and belief, Defendants have made collection attempts against at least 50 natural persons in the state of New Jersey, attempting to collect a debt, which was past due and/or in default, within one year of this Complaint on behalf of MONTEREY RECEIVABLES.

## COUNT I
## NEW JERSEY DECLARATORY JUDGMENT ACT

62. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

63. As discussed herein, the Court has jurisdiction to declare the rights of Plaintiff and others similarly situated relative to the Defendant.

64. Plaintiff is a person interested under a written contract or other writing constituting a contract or whose rights, status or other legal relations are affected by a statute, contract, who may have determined any question of construction or validity arising under the instrument, statute, contract and obtain a declaration of rights, status or other legal relations thereunder.

65. Plaintiff and others similarly situated are entitled to Declaratory Judgment that Defendant violated the Plaintiff's rights and the FDCPA as alleged herein.

## COUNT II
## FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

66. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

67. Collection communications, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

68. Defendants' communications would cause the least sophisticated consumer to be confused about his or her rights.

69. Defendants' communications would mislead the least sophisticated consumer to believe that Defendants could legally attempt to collect the debt.

70. Defendants' communications would cause the least sophisticated consumer to believe that Defendants had the legal ability to attempt to collect the debt and that MONTEREY RECEIVABLES had acquired the appropriate licenses or had otherwise complied with New Jersey regulations.

71. A violation of New Jersey laws, despite no private cause of action, can form the basis of a violation of the FDCPA. See *Chulsky v. Hudson Law Offices, P.C.,* 777 F.Supp.2d 823 (D.N.J. 2011).

72. Defendants' attempt to collect the alleged debt without MONTEREY RECEIVABLES first obtaining the license(s) and/or registrations necessary under New Jersey law violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; § 1692e(2)(A); § 1692e(5); § 1692e(10); and § 1692f *et seq*.

73. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

74. As described herein, Defendants violated 15 U.S.C. § 1692e of the FDCPA.

75. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely implying that they had the right or legal authority to collect debts from Plaintiff and others similarly situated.

76. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

77. 15 U.S.C. § 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

78. As described herein, Defendants violated 15 U.S.C. § 1692e(2)(A).

79. Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character or legal status of a debt.

80. Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from charging or collecting interest under the New Jersey Consumer Finance Licensing Act.

81. Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from collecting on the PERFECT AIR obligation because they failed to comply with the New Jersey Consumer Finance Licensing Act.

82. 15 U.S.C. § 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

83. Defendants violated 15 U.S.C. § 1692e(5) by attempting to collect the alleged debt without first obtaining the license(s) and/or registration(s) necessary under New Jersey law.

84. As described herein, Defendants violated 15 U.S.C. § 1692e(5).

85. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

86. Defendants violated 15 U.S.C. § 1692e(10) by attempting to collect the alleged debt without first obtaining the license(s) necessary under New Jersey law.

87. As described herein, Defendants violated 15 U.S.C. § 1692e(10).

88. 15 U.S.C. § 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

89. Defendants violated 15 U.S.C. § 1692f *et seq.* of the FDCPA by attempting to collect interest, which it is not authorized or permitted by law to charge or collect.

90. Defendants violated 15 U.S.C. § 1692f *et seq.* of the FDCPA by attempting to collect the alleged debt without first obtaining the license(s) and/or registration(s) necessary under New Jersey law.

91. Defendants should be disgorged of all money collected from members of the class during the relevant period as ill-gotten gains.

92. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

93. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

94. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

95. Plaintiff and others similarly situated were sent communications, which could have affected their decision-making with regard to the debt.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class damages, including but not limited to a disgorgement of all money collected during the relevant period;

(c) Awarding attorneys' fees and costs;

(d) Awarding pre and post-judgment interest.

(e) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: December 28, 2022

*s/ Joseph K. Jones*
Joseph K. Jones (002182006)
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com
Attorneys for Plaintiff

# EXHIBIT A



Monterey Collections
4095 Avenida De La Plata
Oceanside, CA 92056
TELEPHONE: (877) 775-3091  FAX: (760) 639-3541
TOLL FREE FROM MEXICO: 001-866-928-9343
Monterey Financial Services | Monterey Loan Servicing | Monterey Collections

**THIS HAS BEEN SENT TO YOU BY A COLLECTION AGENCY**

October 13, 2022

JEFFREY JOHNSON

Account No.:
Contract No.:
Client:         Monterey Receivables Funding RAINBOW E2B

In response to the letter we received and pursuant to the debt validation requirements set forth in the Fair Debt Collection Practices Act, you had 30 days from the date you were notified by Monterey Collections that your account had been placed with Monterey Collections, to request to dispute this debt. As a courtesy, the requested proof of debt is attached. Any future requests for proof of debt will not be responded to per your request to cease contact. You will receive no further communication from our office regarding the defaulted account with **Monterey Receivables Funding RAINBOW E2B** unless you explicitly revoke this request in writing at the address on this letter. Please be advised that if we are reporting this defaulted account on your credit report, it will now be reported as a disputed collection account.

Trusting this is satisfactory,

Patricia Baker
Collections Representative

For your convenience, you may also go to https://consumerportal.montereyfinancial.com/ to review your account information, make a payment, sign up for automatic payments, or to receive payoff quotes. Our privacy policy is also available for your review at
https://www.montereyfinancial.com/privacy-policy.html

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Rev 8-25-22                                                                                           [FN454]

0011-503-988764

**IMPORTANT STATE DISCLOSURES and LICENSING INFORMATION:** Please see below for additional disclosures and licensing information. Should you have any questions please contact Monterey Financial Services Monday thru Friday between the hours of 8:00 am and 4:00 pm PST at (877) 775-3091.

**For California:** "The state Rosenthal Fair Debt Collection Practices Act and federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligation. But we will not submit a negative credit report to a credit reporting agency about this credit obligation until the expiration of the time period described within your initial letter. You may request records showing the following: (1) that Monterey Collection Service has the right to seek collection of the debt; (2) the debt balance, including an explanation of any interest charges and additional fees; (3) the date the debt became delinquent or the date of the last payment; (4) the name of the creditor and the account number associated with the debt; (5) the name and last known address of the debtor as it appeared in the creditor's records prior to assignment of the debt; and (6) the names of all persons or entities other than the debt collector to which the debt has been assigned, if applicable. You may also request from us a copy of the contract or other document evidencing your agreement to the debt. A request for these records may be addressed to: Monterey Collection Service 4095 Avenida De La Plata, Oceanside, CA 92056, or email to: customerservice@montereyfinancial.com

**For Colorado:** A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE: HTTPS://COAG.GOV/OFFICE-SECTIONS/CONSUMER-PROTECTION/CONSUMER-CREDIT-UNIT/COLLECTION-AGENCY-REGULATION/. Monterey Collection Services Denver Office: 1776 S. Jackson St, Ste. 900, Denver, CO 80210. Phone # (877)775-3091. We are licensed by the Collection Agency Board located at Ralph L Carr, Colorado Judicial Center, 1300 Broadway, 6th floor, Denver, CO 80203. If you ask that we stop contacting you at home, at work, or to cease collection efforts altogether, we will stop with the possible exception of one written notice which will explain the possible consequences of your actions or inactions. Please do not send any payments to the address of the Collection Agency Board listed in this paragraph. For information about the Colorado Fair Debt Collection Practices Act, see www.coag.gov/car.

**For Massachusetts:** Monterey Financial Services can be reached at 877-775-3091 and our office hours are Monday through Friday from 7am to 4pm PST and Saturday from 8am to 11am PST. The business office address is 949 S. Main Street, Great Barrington, MA 01230. You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the debt collector.

**For Minnesota:** This collection agency is licensed by the Minnesota Department of Commerce #8002282.

**For New York City:** New York City Department of Consumer Affairs License Number 0991753. Monterey Financial Services, LLC provides language access services in Spanish. Debtors may request to speak with a representative who speaks Spanish, written correspondence is also available in Spanish. A translation and description of commonly used debt collection terms are available thru www.nyc.gov/dca. Please be advised that you may request a copy of this letter in an alternative, reasonably accommodating format such as large print, braille, audio compact disc or other means by calling (877) 775-3091.

**For North Carolina:** North Carolina Department of Insurance Permit Number 101662.

**For South Dakota:** If there are any improprieties in the servicing of this loan/lease, please contact the SD Division of Banking: South Dakota Division of Banking, 1601 N. Harrison Ave, Ste 1, Pierre, SD 57501 (605) 773-3421.

**For Tennessee:** Monterey Collection Services is licensed by the Collection Service Board of the Department of Commerce and Insurance, license # 00000168.

**For Utah:** As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of you credit obligations. We will not submit a negative credit report to a credit reporting agency about this credit obligation until the expiration of the time period described at the bottom of the initial letter.

**For Washington:** The business office address in Washington is 512 Bell Street, Edmonds, WA 98020.

Rev 8-25-22                                                                                                                                                       [EN454]